UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JULIA MOCKBEE, ROBERT MOCKBEE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> LIBERTY MUTUAL INSURANCE COMPANY, ) <br> ) <br> Defendants. ) <br> ) | Case No. 2:15-cv-00563-APG-GWF <br><br> **ORDER** |

This matter is before the Court on Plaintiffs' Second Motion to Compel Discovery (#25), filed September 30, 2015, Defendant's Opposition (#30) filed October 16, 2015, and Plaintiffs' Reply (#32) filed October 23, 2015. The Court conducted a hearing in this matter on November 17, 2015. Plaintiffs filed a Supplemental Brief in Support of their Motion to Compel Discovery (#40) on November 16, 2015. Defendant has not filed a response.

Plaintiffs request an order compelling Defendant to disclose insurance claim log notes regarding conversations between Defendant's claims representative and in-house defense counsel and outside panel counsel on coverage issues. Defendant has asserted the attorney-client privilege and work-product doctrine as grounds for objecting to the production of these documents. Plaintiffs make two factual arguments regarding its request for the disclosure of these documents. First, Plaintiffs argue that the privilege log is inadequate because it does not identify by name the counsel to whom the claims representative spoke. Defendant's statement that its claims representative spoke with in-house and outside panel counsel is probably sufficient. However, there is no harm in requiring Defendant to further amend its log to identify the counsel by name.

. . .

Plaintiffs' second argument for disclosure is that there is an issue whether the "split limits" language in the insurance policy is clear and unambiguous.  Plaintiffs suggest that the fact that the claims representative may have discussed the meaning of this policy provision with Defendant's counsel is indicative of the claims representative's belief or uncertainty whether the provision was ambiguous.  The fact that a claims representative discusses a policy provision with counsel does not indicate that the policy provision is ambiguous.  In any event, a showing that a confidential attorney-client communication is relevant and that the requesting party has some need for the information is not grounds to overcome that attorney-client privilege.  Plaintiffs have failed to demonstrate that the claims representative's confidential discussions with counsel are not protected from disclosure by the attorney-client privilege.  The Court does not reach the issue of whether the work-product doctrine also bars discovery of the subject claim log notes.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery (#25) of the December 8, 2014 claim log entry regarding the claims representative's discussion of coverage issues with in-house and outside panel counsel is **denied** on the ground that Defendant has sufficiently shown that the document is protected by the attorney-client privilege.  Defendant shall, however, amend its privilege log to identify the counsel with whom the claims representative communicated.

DATED this 4th day of December, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge